UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN BAZILE,<br><br>                     Plaintiff,<br><br>        -against-<br><br><br>THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT and POLICE OFFICERS "JOHN DOE 1-3" (names being fictitious as real names are unknown) , | Civil Action No.: 13-CV-5039<br><br><br>**AMENDED COMPLAINT**<br><br><br>Jury Trial Demanded |

Plaintiff by his attorneys, GINARTE, O'DWYER, GONZALEZ, GALLARDO & WINOGRAD, LLP., complaining of the defendants, respectfully alleges as follows:

1.      That the plaintiff, STEVEN BAZILE resides at 120 Arlington Avenue, Valley Stream, New York 11580.

2.      The basis of jurisdiction is that the action involves a federal question involving the Civil Rights violations under 42 U.S.C. §1983.

3.      Upon information and belief, that the defendants, **THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT and POLICE OFFICERS "JOHN DOE 1-3"** (names being fictitious as real names are unknown) maintain its principal place of business at 100 Church Street, New York, New York 10007.

4.      Upon information and belief, that at all the times hereinafter mentioned, on July 20, 2012, the defendant, **THE CITY OF NEW YORK** (hereinafter referred to as "**CITY**"), was and still is a municipal corporation duly organized and existing by virtue of the laws, charters and

1

statutes of the State of New York.

5.   Upon information and belief, that at all the times hereinafter mentioned, on July 20, 2012, the defendant, NEW YORK CITY POLICE DEPARTMENT (hereinafter referred to as "POLICE DEPARTMENT"), was and still is a duly organized municipal agency existing under the auspices of the City of New York.

6.   Upon information and belief, that at all the times hereinafter mentioned, the defendant, CITY maintains the defendant, POLICE DEPARTMENT and employs personnel as police officers with the duty of protecting persons and property within the City of NewYork.

7.   Upon information and belief, that at all the times hereinafter mentioned, the defendant, CITY maintains the defendant, POLICE DEPARTMENT and employs personnel as police officers with the duty of protecting persons and property.

8.   Upon information and belief, that at all times hereinafter mentioned, that on July 20, 2012, the defendants, "JOHN DOE 1-3", were hired/employed by the defendant, CITY.

9.   Upon information and belief, that at all times hereinafter mentioned, that on July 20, 2012, the defendants, "JOHN DOE 1-3", were hired/employed by the defendant, POLICE DEPARTMENT.

10.   Upon information and belief that at all times hereinafter mentioned, that on July 20, 2012, the defendants, "JOHN DOE 1-3" were under the supervision of the defendant, CITY.

11.   Upon information and belief that at all times hereinafter mentioned, that on July 20, 2012, the defendants, "JOHN DOE 1-3" were under the supervision of the defendant, POLICE DEPARTMENT.

12.     That a notice of claim was served upon defendant, **CITY**, within ninety (90) days of the occurrence and/or accrual of the cause of action.

13.     More than thirty (30) days have elapsed since presentation of said claim, and defendant, **CITY**, has failed to adjust and/or dispose of the claim presented therein.

14.     That the plaintiff has complied with all of the conditions precedent to the bringing of their action and the oral examinations and physical examination has been completed and/or waived by the defendant, **CITY**.

15.     This action is commenced within one year and ninety days of the date of the incident and/or accrual of the cause of action and therefore is timely commenced.

## FIRST CAUSE OF ACTION- EXCESSIVE FORCE:

16.     On July 20, 2012, plaintiff, **STEVEN BAZILE**, was lawfully at or near 42nd Street, outside or near the building known as 800 Second Avenue, New York, New York.

17.     Plaintiff was lawfully at said location when members of the police department of defendant, **CITY** (namely, defendant, **POLICE DEPARTMENT**) responded to said location.

18.     That on or about the July 20, 2012, at approximately 9:30 p.m. when this plaintiff was lawfully at or near the building at the aforesaid location, the defendants, "**JOHN DOE 1-3**" (names being fictitious as real names are unknown), who, acting in performance of their employment and within the scope of their authority, did unlawfully, violently, negligently, carelessly, recklessly, and with excessive and gratuitous force and without just cause, excuse, and/or provocation grabbed, struck, struck with a night stick or similar object, beat, touched, slapped and punched the plaintiff and ultimately sprayed mace on the Plaintiff's face causing injuries, then took hold of said plaintiff forcibly and violently and handcuffed him and forcibly

3

threw him in the back of a New York City Police vehicle and transported him to the 53rd

Precicnt at which time the Plaintiff was arrested, falsely detained and imprisoned against his will

and in violation of his Civil Rights, causing this plaintiff to sustain severe personal injuries, all of

which said defendants did intentionally, willfully, maliciously and without just cause or

provocation on the part of Plaintiff.

      19.     That the defendants' employees intentionally and recklessly conducted themselves

in a manner so shocking and outrageous that it exceeded all reasonable bounds of decency, when

the defendants intentionally negligently and/or recklessly and without provocation , did use

excessive force under the conditions in imprisoning and arresting and then willfully forcing the

plaintiff to be detained for a long period of time under harsh conditions.

      20.     That the defendants negligently, intentionally, maliciously, and/or recklessly

assaulted, battered and falsely imprisoned, humiliated, maligned, embarrassed and harassed the

plaintiff in such a manner and under such circumstances as to show defendant's utter disregard of

the consequences to the plaintiff that followed all with the intention to inflict emotional and

severe mental distress.

      21.     The defendants' aforementioned intentional and reckless words and acts caused

severe mental distress to the plaintiff and the defendants acted with the desire to cause such

distress to the plaintiff, under the circumstances known to the defendants which made it

substantially certain that such mental distress to this plaintiff would result and follow therefrom;

and defendants were further reckless with utter disregard of the consequences to this plaintiff,

that might follow said defendants, said actions and words.

22.     That by reason of the aforesaid, this plaintiff, STEVEN BAZILE, sustained severe and serious injuries requiring surgery, medical care and attention, and upon information and belief permanent injuries; psychological and emotional injuries and trauma; separation from family and loved ones, deprivation of personal, civil rights and civil liberties; damage to personal property;  damage to reputation, character and credit; loss of employment and employment opportunities; trespass upon the plaintiff's person and personal property; punitive damages, legal fees and other consequential damages.

23.     As a result of said intentional and reckless acts and words, which were done and uttered by defendants to the plaintiff, the plaintiff was caused to suffer severe mental distress, pain, anguish, ridicule, humiliation, and embarrassment, to his loss and damage in the sum of TWO MILLION($2,000,000) DOLLARS.

## SECOND CAUSE OF ACTION:

24.     Plaintiff repeats,  reiterates and re-alleges the allegations contained in Paragraphs "1" through "23" herein as if more fully set forth at length:

25.     That the Defendants did unlawfully, violently, nelgigently, carelessly, recklessly, and with excessive and gratuitous force and without just cause, excuse, and/or provocation grabbed, struck, beat, touched, slapped and punched the Plaintiff, STEVEN BAZILE, without cause or provocation, and ultimately sprayed him mace causing severe and permanent injuries and other consequential damages.

26.     The defendants actions were intentional, willful and/or unwarranted under the circumstances and in violation of the law, and constituted excessive force and/or assault and battery.

27.    At the time of the assault and battery, the defendants, "JOHN DOE 1-3" were acting as defendants' agents, servants and/or employees and were acting within the scope of their employment and in furtherance of their employer's business.

28.    That by reason of the aforesaid, this plaintiff, STEVEN BAZILE, sustained severe and serious injuries requiring surgery, medical care and attention, and upon information and belief permanent injuries; psychological and emotional injuries and trauma; separation from family and loved ones, deprivation of personal, civil rights and civil liberties; damage to personal property;  damage to reputation, character and credit; loss of employment and employment opportunities; trespass upon the plaintiff's person and personal property; punitive damages, legal fees and other consequential damages.

29.    As a result of the foregoing, plaintiff, STEVEN BAZILE, has been damaged in the sum of TWO MILLION($2,000,000) DOLLARS.

## THIRD CAUSE OF ACTION-FALSE ARREST:

30.    Plaintiff repeats,  reiterates and re-alleges the allegations contained in Paragraphs "1" through "29" herein as if more fully set forth at length:

31.    Plaintiff, STEVEN BAZILE, was, without cause or provocation, falsely arrested.

32.    That by reason of the aforesaid, this plaintiff, STEVEN BAZILE, sustained severe and serious injuries requiring surgery, medical care and attention, and upon information and belief permanent injuries; psychological and emotional injuries and trauma; separation from family and loved ones, deprivation of personal, civil rights and civil liberties; damage to personal property;  damage to reputation, character and credit; loss of employment and employment

opportunities; trespass upon the plaintiff's person and personal property; punitive damages, legal fees and other consequential damages.

33.   As a result of the foregoing, plaintiff, **STEVEN BAZILE**, has been damaged in the sum of TWO MILLION($2,000,000) DOLLARS.

## FOURTH CAUSE OF ACTION-FALSE IMPRISONMENT:

34.   Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs "1" through "33" herein as if more fully set forth at length:

35.   Plaintiff, **STEVEN BAZILE**, was, without cause or provocation, falsely imprisoned for a substantial period of time.

36.   Plaintiff, **STEVEN BAZILE**, was falsely imprisoned at both the scene of the occurrence and continuing thereafter at the 53rd Precinct and thereafter at Criminal Court.  This imprisonment lasted for a substantial period of time.

37.   That by reason of the aforesaid, this plaintiff, **STEVEN BAZILE**, sustained severe and serious injuries requiring surgery, medical care and attention, and upon information and belief permanent injuries; psychological and emotional injuries and trauma; separation from family and loved ones, deprivation of personal, civil rights and civil liberties; damage to personal property;  damage to reputation, character and credit; loss of employment and employment opportunities; trespass upon the plaintiff's person and personal property; punitive damages, legal fees and other consequential damages.

38.   As a result of the foregoing, plaintiff, STEVEN BAZILE, has been damaged in the sum of TWO MILLION($2,000,000) DOLLARS.

## FIFTH CAUSE OF ACTION-MALICIOUS PROSECUTION

39.     Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs "1" through "38" herein as if more fully set forth at length:

40.     Defendants maliciously prosecuted criminal charges against plaintiff, STEVEN BAZILE.

41.     That by reason of the aforesaid, this plaintiff, STEVEN BAZILE, sustained severe and serious injuries requiring surgery, medical care and attention, and upon information and belief permanent injuries; psychological and emotional injuries and trauma; separation from family and loved ones, deprivation of personal, civil rights and civil liberties; damage to personal property;  damage to reputation, character and credit; loss of employment and employment opportunities; trespass upon the plaintiff's person and personal property; punitive damages, legal fees and other consequential damages.

42.     As a result of the foregoing, plaintiff, STEVEN BAZILE, has been damaged in the sum of TWO MILLION($2,000,000) DOLLARS.

## SIXTH CAUSE OF ACTION-NEGLIGENT TREATMENT:

43.     Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs "1" through "42" herein as if more fully set forth at length:

44.     At the aforementioned time and place, plaintiff, STEVEN BAZILE, was negligently treated by various police officers employed by the defendants without any provocation on the part of the plaintiff, STEVEN BAZILE.

45.     Said police officers were acting within the course and scope of their employment with defendants.

8

46.     That by reason of the aforesaid, this plaintiff, STEVEN BAZILE, sustained severe and serious injuries requiring surgery, medical care and attention, and upon information and belief permanent injuries; psychological and emotional injuries and trauma; separation from family and loved ones, deprivation of personal, civil rights and civil liberties; damage to personal property;  damage to reputation, character and credit; loss of employment and employment opportunities; trespass upon the plaintiff's person and personal property; punitive damages, legal fees and other consequential damages.

47.     As a result of the foregoing, plaintiff, STEVEN BAZILE, has been damaged in the sum of TWO MILLION($2,000,000) DOLLARS.

## SEVENTH CAUSE OF ACTION-INVASION OF PRIVACY:

48.     Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs "1" through "47" herein as if more fully set forth at length:

49.     The aforementioned occurrence constituted an invasion of the privacy of plaintiff, STEVEN BAZILE.

50.     That by reason of the aforesaid, this plaintiff, STEVEN BAZILE, sustained severe and serious injuries requiring surgery, medical care and attention, and upon information and belief permanent injuries; psychological and emotional injuries and trauma; separation from family and loved ones, deprivation of personal, civil rights and civil liberties; damage to personal property;  damage to reputation, character and credit; loss of employment and employment opportunities; trespass upon the plaintiff's person and personal property; punitive damages, legal fees and other consequential damages.

51.     As a result of the foregoing, plaintiff, STEVEN BAZILE, has been damaged in the sum of TWO MILLION($2,000,000) DOLLARS.

## EIGHTH CAUSE OF ACTION-VIOLATION OF PLAINTIFF'S RIGHTS UNDER 42 §1983 FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND N.Y.S. CONSTITUTION ARTCLE ONE, SECTION 12:

52.     Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs "1" through "51" herein as if more fully set forth at length:

53.     As a result of the aforementioned occurrence, plaintiff, STEVEN BAZILE, was deprived of his civil rights under the Constitution of the State of New York and the Constitution of the United States, as well as other State ordinances statutes, codes and rules, including 42 USC §1983; The Fourth Amendment to the United States Constitution; the Fourteenth Amendment to the United States Constitution and Article one, Section 12 of the New York State Constitution.

54.     That the defendants herein were acting under color of State Law at the times Plaintiff alleges deprivations of his Civil Rights under the Constitution of the State of New York and The Constitution of the State of New York and The Constitution of the United States, as well as other State ordinances, statutes, codes and rules, including 42 U.S.C.§ 1983.

55.     That the defendants herein used and applied excessive force upon the person of the Plaintiff by striking him from behind with a nightstick or other similar object, when Plaintiff was in a defenseless and neutral position, which excessive force caused multiple physical injuries which included a fractured eye socket.

56.     That the defendants herein falsely arrested, falsely detained, falsely imprisoned and maliciously prosecuted the plaintiff herein as there was no proof evidence or probable cause to arrest, detain, imprison or prosecute the plaintiff.

57.     That by reason of the aforesaid violations of plaintiff's rights, this plaintiff, **STEVEN BAZILE**, sustained severe and serious injuries requiring surgery, medical care and attention, and upon information and belief permanent injuries; psychological and emotional injuries and trauma; separation from family and loved ones, deprivation of personal, civil rights and civil liberties; damage to personal property;  damage to reputation, character and credit; loss of employment and employment opportunities; trespass upon the plaintiff's person and personal property; punitive damages, legal fees and other consequential damages.

58.     As a result of the foregoing, plaintiff, **STEVEN BAZILE**, has been damaged in the sum of TWO MILLION($2,000,000) DOLLARS.

## NINTH CAUSE OF ACTION-NEGLIGENCE

59.     Plaintiff repeats,  reiterates and re-alleges the allegations contained in Paragraphs "1" through "58" herein as if more fully set forth at length:

60.     The aforementioned occurrence took place by reason of the negligence of defendants, its agents, servants and/or employees, including various police officers.

61.     That by reason of the aforesaid, this plaintiff, **STEVEN BAZILE**, sustained severe and serious injuries requiring surgery, medical care and attention, and upon information and belief permanent injuries; psychological and emotional injuries and trauma; separation from family and loved ones, deprivation of personal, civil rights and civil liberties; damage to personal property;  damage to reputation, character and credit; loss of employment and employment

11

opportunities; trespass upon the plaintiff's person and personal property; punitive damages, legal fees and other consequential damages.

62.     As a result of the foregoing, plaintiff, STEVEN BAZILE, has been damaged in the sum of TWO MILLION($2,000,000) DOLLARS.

WHEREFORE, plaintiffs demand judgment against the defendants for each of the aforementioned Causes of Actions in sum of TWO MILLION($2,000,000) DOLLARS, together with the costs, attorney fees or allowable under Federal Law and disbursements of this action.


Dated:  New York, New York
        August 30, 2013

                        GINARTE O'DWYER GONZALEZ GALLARDO
                        & WINOGRAD, LLP.

                        By:_____
                            Glenn Verchick, Esq. (1766)
                            Attorneys for Plaintiff
                            225 Broadway, 13th Floor
                            New York, New York 10007
                            (212) 601-9700

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| STEVEN BAZILE | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| THE CITY OF NEW YORK, THE NEW YORK CITY | ) |
| POLICE DEPARTMENT and POLICE OFFICERS | ) |
| "JOHN DOE 1-13" (names being fictitious as real | ) |
| names are unknown) | ) |
| *Defendant(s)* | ) |

Civil Action No.

## 13 CV 5039

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  MICHAEL A. CARDOZO
CORPORATION COUNSEL
100 CHURCH STREET
NEW YORK, NY 10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   GINARTE, O'DWYER, GONZALEZ, GALLARDO & WINOGRAD, LLP.
225 BROADWAY, 13TH FL.
NEW YORK, NY 10007
(212) 601.9700

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

CLERK OF COURT

JUL 19 2013

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

JS 44C/SDNY
REV. 7/2012

JUDGE FURMAN

CIVIL COVER SHEET

13 CV 5039

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filing and service of
pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the
Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of
initiating the civil docket sheet.

JUL 1 9 2013

PLAINTIFFS
STEVEN BAZILE

DEFENDANTS
THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT
and POLICE OFFICERS "JOHN DOE 1-3" (names being fictitious as real
names are unknown)

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER
GINARTE, O'DWYER, GONZALEZ, GALLARDO & WINOGRAD, LLP.,
225 BROADWAY, 13TH FL., NEW YORK, NEW YORK 10007
(212) 601.9700

ATTORNEYS (IF KNOWN)
MICHAEL A. CARDOZO-CORPORATION COUNSEL
100 CHURCH STREET
NEW YORK, NEW YORK 10007

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C. 1983; Personal Injuries/Civil Rights Violations

Has this or a similar case been previously filed in SDNY at any time? No ☒ Yes ☐ Judge Previously Assigned

If yes, was this case  Vol. ☐ Invol. ☐  Dismissed.  No ☐ Yes ☐  If yes, give date _____ & Case No. _____

Is THIS AN INTERNATIONAL ARBITRATION CASE?   No ☒   Yes ☐

NATURE OF SUIT

(PLACE AN [x] IN ONE BOX ONLY)

TORTS

ACTIONS UNDER STATUTES

CONTRACT

[ ] 110  INSURANCE
[ ] 120  MARINE
[ ] 130  MILLER ACT
[ ] 140  NEGOTIABLE
         INSTRUMENT
[ ] 150  RECOVERY OF
         OVERPAYMENT &
         ENFORCEMENT
         OF JUDGMENT
[ ] 151  MEDICARE ACT
[ ] 152  RECOVERY OF
         DEFAULTED
         STUDENT LOANS
         (EXCL VETERANS)
[ ] 153  RECOVERY OF
         OVERPAYMENT
         OF VETERANS
         BENEFITS
[ ] 160  STOCKHOLDERS
         SUITS
[ ] 190  OTHER
         CONTRACT
[ ] 195  CONTRACT
         PRODUCT
         LIABILITY
[ ] 196  FRANCHISE

PERSONAL INJURY

[ ] 310  AIRPLANE
[ ] 315  AIRPLANE PRODUCT
         LIABILITY
[ ] 320  ASSAULT, LIBEL &
         SLANDER
[ ] 330  FEDERAL
         EMPLOYERS'
         LIABILITY
[ ] 340  MARINE
[ ] 345  MARINE PRODUCT
         LIABILITY
[ ] 350  MOTOR VEHICLE
[ ] 355  MOTOR VEHICLE
         PRODUCT LIABILITY
[X] 360  OTHER PERSONAL
         INJURY

PERSONAL INJURY

[ ] 362  PERSONAL INJURY -
         MED MALPRACTICE
[ ] 365  PERSONAL INJURY
         PRODUCT LIABILITY
[ ] 368  ASBESTOS PERSONAL
         INJURY PRODUCT
         LIABILITY

PERSONAL PROPERTY

[ ] 370  OTHER FRAUD
[ ] 371  TRUTH IN LENDING
[ ] 380  OTHER PERSONAL
         PROPERTY DAMAGE
[ ] 385  PROPERTY DAMAGE
         PRODUCT LIABILITY

PRISONER PETITIONS

[ ] 510  MOTIONS TO
         VACATE SENTENCE
         28 USC 2255
[ ] 530  HABEAS CORPUS
[ ] 535  DEATH PENALTY
[ ] 540  MANDAMUS & OTHER

FORFEITURE/PENALTY

[ ] 610  AGRICULTURE
[ ] 620  OTHER FOOD &
         DRUG
[ ] 625  DRUG RELATED
         SEIZURE OF
         PROPERTY
         21 USC 881
[ ] 630  LIQUOR LAWS
[ ] 640  RR & TRUCK
[ ] 650  AIRLINE REGS
[ ] 660  OCCUPATIONAL
         SAFETY/HEALTH
[ ] 690  OTHER

LABOR

[ ] 710  FAIR LABOR
         STANDARDS ACT
[ ] 720  LABOR/MGMT
         RELATIONS
[ ] 730  LABOR/MGMT
         REPORTING &
         DISCLOSURE ACT
[ ] 740  RAILWAY LABOR ACT
[ ] 790  OTHER LABOR
         LITIGATION
[ ] 791  EMPL RET INC
         SECURITY ACT

BANKRUPTCY

[ ] 422  APPEAL
         28 USC 158
[ ] 423  WITHDRAWAL
         28 USC 157

PROPERTY RIGHTS

[ ] 820  COPYRIGHTS
[ ] 830  PATENT
[ ] 840  TRADEMARK

SOCIAL SECURITY

[ ] 861  HIA (1395ff)
[ ] 862  BLACK LUNG (923)
[ ] 863  DIWC/DIWW (405(g))
[ ] 864  SSID TITLE XVI
[ ] 865  RSI (405(g))

FEDERAL TAX SUITS

[ ] 870  TAXES (U.S. Plaintiff or
         Defendant)
[ ] 871  IRS-THIRD PARTY
         26 USC 7609

OTHER STATUTES

[ ] 400  STATE
         REAPPORTIONMENT
[ ] 410  ANTITRUST
[ ] 430  BANKS & BANKING
[ ] 450  COMMERCE
[ ] 460  DEPORTATION
[ ] 470  RACKETEER INFLU-
         ENCED & CORRUPT
         ORGANIZATION ACT
         (RICO)
[ ] 480  CONSUMER CREDIT
[ ] 490  CABLE/SATELLITE TV
[ ] 810  SELECTIVE SERVICE
[ ] 850  SECURITIES/
         COMMODITIES/
         EXCHANGE
[ ] 875  CUSTOMER
         CHALLENGE
         12 USC 3410
[ ] 890  OTHER STATUTORY
         ACTIONS
[ ] 891  AGRICULTURAL ACTS
[ ] 892  ECONOMIC
         STABILIZATION ACT
[ ] 893  ENVIRONMENTAL
         MATTERS
[ ] 894  ENERGY
         ALLOCATION ACT
[ ] 895  FREEDOM OF
         INFORMATION ACT
[ ] 900  APPEAL OF FEE
         DETERMINATION
         UNDER EQUAL
         ACCESS TO JUSTICE
[ ] 950  CONSTITUTIONALITY
         OF STATE STATUTES

ACTIONS UNDER STATUTES

CIVIL RIGHTS

[ ] 441  VOTING
[ ] 442  EMPLOYMENT
[ ] 443  HOUSING/
         ACCOMMODATIONS
[ ] 444  WELFARE
[ ] 445  AMERICANS WITH
         DISABILITIES -
         EMPLOYMENT
[ ] 446  AMERICANS WITH
         DISABILITIES -OTHER
[ ] 440  OTHER CIVIL RIGHTS
         (Non-Prisoner)

PRISONER CIVIL RIGHTS

[ ] 550  CIVIL RIGHTS
[ ] 555  PRISON CONDITION

IMMIGRATION

[ ] 462  NATURALIZATION
         APPLICATION
[ ] 463  HABEAS CORPUS-
         ALIEN DETAINEE
[ ] 465  OTHER IMMIGRATION
         ACTIONS

REAL PROPERTY

[ ] 210  LAND
         CONDEMNATION
[ ] 220  FORECLOSURE
[ ] 230  RENT LEASE &
         EJECTMENT
[ ] 240  TORTS TO LAND
[ ] 245  TORT PRODUCT
         LIABILITY
[ ] 290  ALL OTHER
         REAL PROPERTY

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $_____ OTHER _____

Check YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

JUDGE _____ DOCKET NUMBER _____

NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

(PLACE AN x IN ONE BOX ONLY)                                        ORIGIN

☒ 1 Original            ☐ 2 Removed from        ☐ 3 Remanded      ☐ 4 Reinstated or   ☐ 5 Transferred from   ☐ 6 Multidistrict   ☐ 7 Appeal to District
   Proceeding              State Court              from               Reopened          (Specify District)       Litigation            Judge from
                        ☐ a. all parties represented   Appellate                                                                       Magistrate Judge
                                                    Court                                                                              Judgment
                        ☐ b. At least one
                             party is pro se.

(PLACE AN x IN ONE BOX ONLY)              BASIS OF JURISDICTION            IF DIVERSITY, INDICATE
                                                                          CITIZENSHIP BELOW.
☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☒ 3 FEDERAL QUESTION  ☐ 4 DIVERSITY   (28 USC 1332, 1441)
                                            (U.S. NOT A PARTY)

                      CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

        (Place an [X] in one box for Plaintiff and one box for Defendant)

                        PTF  DEF                                       PTF DEF                                        PTF  DEF
                                          CITIZEN OR SUBJECT OF A       [ ]3 [ ]3   INCORPORATED and PRINCIPAL PLACE   [ ]5 [ ]5
CITIZEN OF THIS STATE   [ ]1 [ ]1         FOREIGN COUNTRY                          OF BUSINESS IN ANOTHER STATE

CITIZEN OF ANOTHER STATE  [ ]2 [ ]2       INCORPORATED or PRINCIPAL PLACE  [ ]4 [ ]4   FOREIGN NATION                  [ ]6 [ ]6
                                          OF BUSINESS IN THIS STATE

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

STEVEN BAZILE
120 ARLINGTON AVENUE
VALLEY STREAM, NY 11580
COUNTY OF NASSAU

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

MICHAEL A. CARDOZO-CORPORATION COUNSEL
100 CHURCH STREET
NEW YORK, NEW YORK 10007
COUNTY OF NEW YORK

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE
RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   ☐ WHITE PLAINS   ☒ MANHATTAN
             (DO NOT check either box if this a PRISONER PETITION/PRISONER CIVIL RIGHTS COMPLAINT.)

DATE 7/18/13    SIGNATURE OF ATTORNEY OF RECORD          ADMITTED TO PRACTICE IN THIS DISTRICT
                                                         [ ] NO
                    _____ (GV1766)                     ☒ YES (DATE ADMITTED Mo. 01    Yr. 1990   )
                                                         Attorney Bar Code # 1766
RECEIPT #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____    MAG. JUDGE FRANCIS   is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

DESIGNATION OF AGENT FOR ACCESS TO SEALED
RECORDS PURSUANT TO NYCPL 160.50[1][d]

I, _Steven Bazil_, Date of Birth _1/18/1976_,
SS# _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_, pursuant to NYCPL § 160.50[1][d], hereby designate MICHAEL A.
CARDOZO, Corporation Counsel of the City of New York, or his authorized representative, as
my agent to whom records of the criminal action terminated in my favor entitled People of the
State of New York v. _Steven Bazil_, Docket No. or Indictment No.
_____, in _Criminal_ Court, County of _New York_, State of New York, relating to
my arrest on or about _9/20/12_ may be made available for use in Civil Action
_Bazik v. City of New York, et al., 13 CV 5039_ (S.D.N.Y.).

I understand that until now the aforesaid records have been sealed pursuant to
CPL § 160.50, which permits those records to be made available only (1) to persons designated
by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom
the records may be made available is not bound by the statutory sealing requirements of CPL
§ 160.50.

The records to be made available to the person designated above comprise all
records and papers relating to my arrest and prosecution in the criminal action identified herein
on file with any court, police agency, prosecutor's office or state or local agency that were
ordered to be sealed under the provisions of CPL § 160.50.

I further authorize the release of a list from the New York City Police Department
that identifies all my prior arrests by date of arrest, charge(s) and disposition, including all sealed
arrests.

_____
SIGNATURE


STATE OF NEW YORK       )
                       : SS.:
COUNTY OF _NY_          )

On this _16_ day of _August_, 2013 before me personally came _Steven Bazile_, to
me known and known to me to be the individual described in and who executed the foregoing
instrument, and _he_ acknowledged to me that _he_ executed the same.

_____
NOTARY PUBLIC

GLENN VERCHICK
Notary Public State of New York
No. 31-4996430
Qualified in Kings County
Commission Expires June 30, 2014

May 18, 2011